# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| FAIR HOUSING CENTER OF CENTRAL INDIANA, INC., a non-profit corporation; VIRGINIA MORTON, an individual; and SHARNA MCFARLAND, an individual, | ) ) ) ) ) ) Case No. 1:16-cv-300 |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| GRANDVILLE COOPERATIVE INC., a non-profit corporation; KAREN MITCHELL, an individual; and KIRKPATRICK MANAGEMENT CO. INC., a for-profit corporation, | ) ) **COMPLAINT** ) ) ) ) ) |
| Defendants. | ) ) |

## I. INTRODUCTION

1.  Plaintiff Sharna McFarland and her disabled mother, Virginia Morton, applied to rent at Grandville Cooperative. Defendants, Grandville's owner and operators, rejected plaintiffs' application because, in defendants' own words, the dwelling "is not handicap accessible and it will be a liability to offer you a unit that is not accommodating to everyone in the household." McFarland and her mother turned to plaintiff Fair Housing Center of Central Indiana for assistance. Together, plaintiffs sue defendants for violation of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, the Rehabilitation Act, 29 U.S.C. § 794, *et seq.,* and related state laws.

## II. JURISDICTION AND VENUE

2.  The Court has jurisdiction over plaintiffs' federal claims under 28 U.S.C. § 1331. Additionally, the Court has supplemental jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367 because those claims are related to plaintiffs' federal claims and arise out of a

common nucleus of related facts.

3. Venue is proper in the Southern District of Indiana under 28 U.S.C. § 1391 because the events giving rise to these claims occurred in Marion County, Indiana, and defendants conduct business in this district.

### III. PARTIES

4. Plaintiff Fair Housing Center of Central Indiana Inc. is a private, non-profit corporation organized under the laws of the state of Indiana. The Fair Housing Center's purpose is to ensure equal housing opportunities by eliminating housing discrimination through advocacy, enforcement, education, and outreach.

5. Plaintiff Virginia Morton is a quadriplegic, making her a person with a disability within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(h), and the Indiana Fair Housing Act, Ind. Code § 22-9.5.

6. Plaintiff Sharna McFarland is Morton's daughter who intended to reside in the dwelling with Morton, making her a person associated with the buyer or renter of a dwelling under the Fair Housing Act, 42 U.S.C. § 3602(f)(1), and the Indiana Fair Housing Act, Ind. Code § 22-9.5.

7. Defendant Grandville Cooperative Inc. is a private, non-profit corporation organized under the laws of the state of Indiana.

8. Grandville owns and operates the Grandville Cooperative housing complex.

9. The Grandville Cooperative housing complex is a dwelling within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b), and the Indiana Fair Housing Act, Ind. Code § 22-9.5-2-8.

10. Defendant Karen Mitchell is the president of Grandville's Board of Directors.

11. Karen Mitchell is an agent of defendant Grandville Cooperative Inc.

12. Defendant Kirkpatrick Management Co. Inc. is a for-profit corporation organized under the laws of the state of Indiana.

13. Kirkpatrick is a property management firm.

14. Each defendant was, at all times relevant, the agent, employee or representative of each other defendant. Each defendant, in doing the acts or in omitting to act as alleged in this complaint, was acting within the course and scope of his or her actual or apparent authority pursuant to such agency, or the alleged acts or omissions of each defendant as agent were subsequently ratified and adopted by each defendant as principal.

## IV. FACTS

### A. Grandville

15. Grandville is a 156-unit housing complex located in Indianapolis, Indiana.

16. Grandville was developed and operates with federal housing funding and financing. Grandville was constructed and developed utilizing the United States Department of Housing and Urban Development (HUD) Section 236 mortgage program under the National Housing Act (12 U.S.C. § 1715 z-l). Additionally, Grandville has a Section 8 Project-Based Rental Assistance (PBRA) contract, under Section 524 of the Multifamily Assisted Housing Reform and Affordability Act of 1997 (42 U.S.C. 1437f), and utilizes the PBRA federal housing program to make rent affordable to lower income tenants. Eligible tenants must pay the highest of 30 percent of adjusted income, 10 percent of gross income, or the portion of welfare assistance designated for housing or the minimum rent established by HUD.

17. Grandville is a cooperative corporation property. Each member of the cooperative owns one share and has one vote in the cooperative. The cooperative corporation holds title to the

property and is responsible for the mortgage, if any.

18. The Grandville Board of Directors is elected by the members of the cooperative. The directors set policy, establish rules and determine how money is spent.

19. To become a resident of Grandville, a prospective resident must meet standards established by the Grandville Board of Directors.

### B. Kirkpatrick

20. Kirkpatrick manages dwellings throughout the Midwest. It is one of the largest, if not the largest, property management company in Indianapolis, managing more than 10,000 dwellings. It identifies itself as an expert in the field of cooperative housing management.

21. Kirkpatrick provides services to Grandville's board and residents. It is identified as the property manager on Grandville's promotional materials. It has provided onsite staff to direct the management and operation of Grandville.

22. Among its management functions, Kirkpatrick is responsible for guiding Grandville's board and staff in compliance with fair housing laws, financial management, and reporting.

23. It also provides direction and guidance, including the creation of forms used by Grandville, for screening and selecting prospective residents. Kirkpatrick's name appears prominently on Grandville's application as the cooperative's manager. Its name and contact information appear on public websites as the point of contact for prospective residents interested in Grandville.

24. Kirkpatrick has been named as a respondent in at least two prior fair housing complaints, filed with the Indiana Civil Rights Commission, including at least one case alleging housing discrimination on the basis of disability.

### C. Karen Mitchell

25. Karen Mitchell is president of the Grandville Board of Directors.

26. A letter from Karen Mitchell to prospective residents appears on the front page of the Grandville public website. That letter is signed, "Karen Mitchell, Grandville Cooperative, Board of Directors President."

### D. Virginia Morton and Sharna McFarland

27. Virginia Morton is a quadriplegic.

28. Virginia Morton relies on her adult daughter, Sharna McFarland, and a part-time at-home nurse for assistance with daily activities. Morton spends most days at home in a hospital bed because of her disability.

### E. Morton and McFarland Attempt to Rent at Grandville

29. In December 2014, McFarland visited the Grandville front office and expressed interest in leasing a dwelling there.

30. Specifically, McFarland was interested in a two-story townhouse, with three bedrooms upstairs and the living space downstairs, including a half bathroom, kitchen, dining room, and living room. McFarland and her two children planned to use the upstairs bedrooms while Morton, who utilizes a hospital bed due to her paralysis, would use the downstairs living room.

31. During her December 2014 visit to the Grandville front office, McFarland was informed of a waitlist and the requirement to complete an application and submit a $20.00 money order to reserve a space on the waitlist. McFarland completed her application and submitted the money order.

32. In March 2015, McFarland received a letter from Grandville asking if she was still

interested in leasing the dwelling. McFarland responded that she was.

33. In July 2015, McFarland again visited the Grandville front office. She inquired about the need for Morton to complete a separate application. Grandville management staff Camille Mitchell (who is the daughter of board president and defendant Karen Mitchell) told McFarland that Morton could be on the lease but she would need to complete a separate application and also submit a $20.00 money order. McFarland completed the application on Morton's behalf and submitted the money order.

34. A few weeks later, McFarland received a letter from Grandville dated July 27, 2015, stating: "This Letter is to notify you that Grandville Cooperatives' Board of Directors has scheduled a mandatory New Member Orientation, time listed below." The New Member Orientation was scheduled for 11:30 a.m. on August 5, 2015. The letter was signed by "C. Mitchell."

35. The signature block identifies "C. Mitchell" as "Management Staff … Grandville Cooperative Board of Directors."

36. A true and correct copy of the July 27th letter is attached to the complaint as Exhibit 1.

37. On August 5, 2015, McFarland attended the New Member Orientation at Grandville.

38. Present at the meeting were McFarland and three Grandville Board of Directors, including Karen Mitchell.

39. During that meeting, McFarland stated that Morton could not climb stairs. McFarland was asked why and McFarland explained that Morton was a quadriplegic. The Grandville Board of Directors then asked several questions about Morton's disability, including

what happened; how did she get like that; how long had she been like that; and who takes care of her.

40. Following this discussion, McFarland stated that it was her understanding that the August 5, 2015, meeting was her New Member Orientation. Karen Mitchell replied that it was not a New Member Orientation but was instead a "Pre-Interview" meeting. McFarland was then told that she would receive a letter from Grandville after the Pre-Interview.

41. Shortly after the meeting, McFarland received a letter from Grandville dated August 5, 2015 – the same day as the New Member Orientation-turned-Pre-Interview – entitled "Deny Application." That letter stated: "We are sorry to let you know that we must reject your application. At this time, Grandville Cooperative is not handicap accessible and it will be a liability to offer you a unit that is not accommodating to everyone in the household." The letter was signed by Camille Mitchell. The signature identified Camille Mitchell as "Office Staff, Property Manager / Agent for Owner."

42. A true and correct copy of the August 5th letter is attached as Exhibit 2.

## F. The Fair Housing Center Investigates

43. The Fair Housing Center recognizes the importance of "home" and envisions a country free of housing discrimination where every individual, group and community enjoys equal housing opportunity in a bias-free and open housing market. The Fair Housing Center envisions a country where integrated neighborhoods are the norm, and private and public sectors guarantee civil rights in an open and barrier-free community committed to healing the history of discrimination in America.

44. The Fair Housing Center offers programs to fight housing discrimination and promote equal housing opportunity. Its education program works to increase fair housing

knowledge by conducting trainings, hosting conferences, distributing publications, and other activities to educate the public about fair housing laws. The advocacy program assists persons who feel they may be victims of housing discrimination by helping them to understand their rights and options under fair housing laws. Fair Housing Center conducts fair housing investigations under this program, both client-based and systemic, to determine if unlawful discrimination may be occurring. Finally, the community outreach program assists persons, neighborhoods, and communities who have been impacted by unlawful discrimination, disinvestment, or due to unequal housing opportunity.

45. On August 25, 2015, McFarland called the Fair Housing Center to discuss the Grandville situation and to inquire about her and Morton's fair housing rights. Based on the information received, the Fair Housing Center counseled McFarland about her fair housing rights.

46. On September 9, 2015, the Fair Housing Center sent Grandville a letter indicating that it would be investigating complaints received about discriminatory housing practices at Grandville.

47. On September 9, 2015, the Fair Housing Center also sent all current Grandville residents a letter providing them with educational materials about their fair housing rights and advising them of the Fair Housing Center's investigation.

48. The Fair Housing Center diverted resources and staff time to counteract the effects of defendants' discriminatory housing practices. Its staff outreached to Grandville residents about their fair housing rights and distributed literature to educate them about those rights. Its mission was frustrated by the discrimination uncovered.

### G. Discriminatory Housing Practices

49. Defendants, individually and through their agents, have committed the following

discriminatory housing practices, with the purpose or effect of excluding persons with disabilities from the occupancy of dwellings at Grandville, including:

    a.    Refusing to rent a dwelling because of disability;

    b.    Communicating that a person would not be compatible with a dwelling or its existing residents because of disability;

    c.    Making statements indicating a limitation, preference or discrimination, or the intent to discriminate, based on disability;

    d.    Refusing to process an application for rental of a dwelling because of disability;

    e.    Interfering with use and enjoyment of a dwelling; and,

    f.    Failing to make dwellings readily accessible to and useable by individuals with disabilities.

50. Defendants injured each plaintiff by committing each of these discriminatory housing practices; accordingly, each plaintiff is an aggrieved person under the Fair Housing Act, 42 U.S.C. § 3602(i), and Indiana Fair Housing Act, Ind. Code § 22-9.5-2-2.

### H. Plaintiffs' Injuries

51. By reason of defendants' unlawful acts or practices, Morton and McFarland have suffered economic loss; loss of time and effort; emotional distress, including humiliation, mental anguish, loss of dignity, and embarrassment; and otherwise sustained injury. Defendants deprived Morton and McFarland of an important housing opportunity, denying them the use and enjoyment of a dwelling for themselves and their family. Accordingly, Morton and McFarland are entitled to compensatory damages.

52. Defendants' discriminatory and negligent actions have caused, and are continuing to cause, harm to plaintiff Fair Housing Center by frustrating its mission to ensure equal housing

opportunities by eliminating housing discrimination. Defendants' actions have interfered with all the efforts and programs of the Fair Housing Center by forcing the Fair Housing Center to divert its scarce resources from those programs and into identifying and counteracting defendants' unlawful practices. Defendants' unlawful practices have caused the Fair Housing Center to suffer economic losses in staff pay, in funds expended investigating, and in the inability to prevent other unlawful housing practices. Defendants' actions have set back the Fair Housing Center's vision of a country free of housing discrimination where every individual, group and community enjoys equal housing opportunity and access in a bias-free and open housing market, by impeding their efforts to educate the public about discriminatory housing practices and to provide counseling and referral services to the public about housing discrimination. Accordingly, plaintiff Fair Housing Center is entitled to compensatory damages.

53. There now exists an actual controversy between defendants and plaintiffs regarding defendants' duties under the federal and state fair housing laws. Accordingly, each plaintiff is entitled to declaratory relief.

54. Unless enjoined, defendants will continue to engage in the unlawful acts and the pattern or practice of discrimination described in this complaint. Plaintiffs have no adequate remedy at law. They now suffer and will continue to suffer irreparable injury from defendants' discriminatory acts against persons with disabilities unless relief is provided by this Court. Accordingly, plaintiffs are entitled to injunctive relief.

///

///

///

## V. CLAIMS

### A. First Claim

### [Fair Housing Act]

### All Plaintiffs v. All Defendants

55. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

56. Defendants injured plaintiffs by committing discriminatory housing practices in violation of the federal Fair Housing Act, 42 U.S.C. § 3601, et seq.

### B. Second Claim

### [Rehabilitation Act]

### All Plaintiffs v. Grandville Cooperative Inc. and Kirkpatrick Management Co. Inc.

57. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

58. Defendants Grandville and Kirkpatrick injured plaintiffs by discriminating against them in the operation of Grandville in violation of the Rehabilitation Act, 29 U.S.C. § 794.

### C. Third Claim

### [Indiana Fair Housing Act]

### All Plaintiffs v. All Defendants

59. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

60. Defendants injured plaintiffs by committing discriminatory housing practices in violation of the Indiana Fair Housing Act, Ind. Code § 22-9.5.

### D. Fourth Claim

### [Negligence]

### Plaintiffs Morton and McFarland v. Grandville Cooperative Inc. and Kirkpatrick Management Co. Inc.

61. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

62. Defendants Grandville and Kirkpatrick injured plaintiffs Morton and McFarland by want of ordinary care or skill in their ownership or management of their property and agents, including defendant Karen Mitchell and Camille Mitchell. This negligence includes their failure to train, monitor and supervise both Mitchells and their failure to ensure their compliance with the federal Fair Housing Act, the Rehabilitation Act, the Indiana Fair Housing Act, and applicable regulations. Accordingly, plaintiffs Morton and McFarland are entitled to an award of damages against defendants Grandville and Kirkpatrick under Ind. Code § 34-51.

## VI. RELIEF

WHEREFORE, plaintiffs pray for entry of a judgment against defendants that:

1. Awards actual and compensatory damages under the Fair Housing Act, 42 U.S.C. § 3613(c), the Rehabilitation Act, 29 U.S.C. § 794(a), the Indiana Fair Housing Act, Ind. Code § 22-9.5, and for negligence;

2. Awards punitive damages under the Fair Housing Act, 42 U.S.C. § 3613(c), and the Rehabilitation Act, 29 U.S.C. § 794(a);

3. Declares that defendants have violated the Fair Housing Act, 42 U.S.C. § 3613(c), the Rehabilitation Act, 29 U.S.C. § 794(a), and the Indiana Fair Housing Act, Ind. Code § 22-9.5;

4. Enjoins all unlawful practices complained about herein and imposes affirmative

injunctive relief requiring defendants, their contractors, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants without regard to disability as required by the federal and state fair housing laws;

    5.    Awards costs of suit, including reasonable attorneys' fees; and,

    6.    Awards all such other relief as the Court deems just.

Dated: February 4, 2016.

    Respectfully submitted,

    s/ Thomas E. Crishon
    Thomas E. Crishon
      No. 28513-49
    Melissa L. Keyes
      No. 30152-49
    INDIANA PROTECTION AND ADVOCACY SERVICES
    4701 N. Keystone Ave., Suite 222
    Indianapolis, IN 46205
    317/722-5555
    Fax: 317/722-5564
    tcrishon@ipas.IN.gov
    mkeyes@ipas.IN.gov

    Christopher Brancart (*pro hac vice* pending)
      California Bar No. 128475
    Thomas Kayes (*pro hac vice* pending)
      Illinois Bar No. 6315461
    BRANCART & BRANCART
    P.O. Box 686
    Pescadero, CA 94060
    650/879-0141
    Fax: 650/879-1103
    cbrancart@brancart.com
    tkayes@brancart.com

    Attorneys for Plaintiffs