# U.S. DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| FAIR HOUSING CENTER OF CENTRAL INDIANA, INC., et al. | ) ) ) | CASE NO:  1:16-cv-00300-SEB-DML |
| | ) | JUDGE: SARAH EVANS BARKER |
| PLAINTIFFS, | ) ) | |
| vs. | ) ) | **DEFENDANTS' ANSWER TO THE THIRD AMENDED COMPLAINT** |
| GRANDVILLE COOPERATIVE, INC., et al. | ) ) ) | *(Jury Demand Endorsed Hereon)* |
| DEFENDANTS. | ) ) | |

Defendants, Grandville Cooperative, Inc. ("Grandville"), Kirkpatrick Management Co., Inc. ("Kirkpatrick"), and Karen Mitchell ("Ms. Mitchell") (collectively, "Defendants"), for their Answer to the Third Amended Complaint, state as follows:

## FIRST DEFENSE

1.     Defendants admit that Sharna McFarland applied to rent at Grandville. Defendants further admit that Virginia Morton applied to rent at Grandville. Defendants are without knowledge or information sufficient to form a belief as to whether Virginia Morton is a quadriplegic or whether Sharna McFarland and Virginia Morton turned to the Fair Housing Center of Central Indiana for assistance. Defendants deny the remaining allegations in paragraph 1.

2.     Defendants deny the allegations in paragraph 2.

3.     Defendants deny the allegations in paragraph 3.

4.     Paragraph 4 of the Second Amended Complaint contains legal conclusions for which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and therefore deny the same.

5.      Paragraph 5 of the Second Amended Complaint contains legal conclusions for which no response is required. To the extent a response is required, Defendants admit that Grandville is located in Marion County, Indiana and admit that Kirkpatrick is the property management company for Grandville.  Defendants deny the remaining allegations set forth in paragraph 5.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore deny same.

7.      Defendants admit that Virginia Morton is a quadriplegic and a person with a disability. The remaining allegations in paragraph 7 of the Second Amended Complaint are legal conclusions for which no response is required.

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore deny the same.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore deny the same.

10.     Defendants admit paragraph 10.

11.     Defendants admit paragraph 11.

12.     Defendants admit paragraph 12.

13.     Defendants admit paragraph 13.

14.     Defendants admit paragraph 14.

15.     Defendants deny the allegations in paragraph 15.

16.     Defendants admit paragraph 16 and admits that Grandville was constructed prior to 1988.

17.     The allegations in paragraph 17 of the Second Amended Complaint are legal conclusions for which no response is required.  To the extent a response is required, Defendants

admit that Grandville is operated with funds from federal housing assistance programs. Defendants deny the remaining allegations in paragraph 17.

18.     Defendants admit paragraph 18.

19.     Defendants admit paragraph 19.

20.     Defendants admit that prospective residents must meet certain requirements established by the applicable By Laws and any applicable requirements established by the United States Department of Housing and Urban Development and/or other federal assistance programs. Defendants deny the remaining allegations in paragraph 20.

21.     Defendants admit that Kirkpatrick manages dwellings throughout the Midwest. Defendants deny the remaining allegations in paragraph 21.

22.     Defendants admit that Kirkpatrick is the property management company for Grandville. Defendants deny the remaining allegations in paragraph 22.

23.     Defendants admit that Kirkpatrick is the property management company for Grandville. Defendants admit that Kirkpatrick provides various services to Grandville, including training. Defendants deny the remaining allegations in paragraph 23.

24.     Defendants admit that Kirkpatrick is the property management company for Grandville. Defendants deny the remaining allegations in paragraph 24.

25.     Defendants admits paragraph 25.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore deny same. Further answering, Defendants admit that Virginia Morton is disabled and admits that Virginia Morton submitted her own application for housing, which is attached hereto as Exhibit A, which stated that she required a handicap accessible unit.

27.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore deny same.

28.     Defendants admits paragraph 28.

29.     Defendants admit that McFarland initially applied for a three bedroom, two-story townhome that was not handicap accessible. McFarland's application is attached hereto as Exhibit B. Defendants deny the allegation related to Virginia Morton. Further answering, McFarland did not include Virginia Morton on her original application and only added her as a Co-Applicant on July 11, 2015 after meeting with Camille Mitchell. *See* Ex. B. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 and therefore deny same.

30.     Defendants admit to informing McFarland that there was a $20.00 application fee and that McFarland would be placed on the waiting list after her application was completed and submitted. Defendants deny the remaining allegations in paragraph 30.

31.     Defendants admit paragraph 31.

32.     Defendants deny that McFarland inquired about the need for Morton to complete a separate application. Defendants admit that McFarland visited the Grandville office in or around July 10, 2015, that Camille Mitchell is the daughter of Karen Mitchell; that McFarland did not originally list her mother on her housing application; and that Camille Mitchell knew McFarland and her mother and inquired of McFarland about whether her mother planned to live with her. Defendants admit that Camille Mitchell advised McFarland that Morton should be added to the application so she would not be considered an unauthorized occupant of the unit and that she would need to pay a $20.00 application fee. Defendants deny the remaining allegations in paragraph 32.

33.     Defendants admit that a letter dated July 27, 2015 was sent to McFarland, a purported copy of which appears to be attached as Exhibit 1. This letter is a written document that speaks for itself. Defendants deny the remaining allegations in paragraph 33.

34.     The July 27, 2015 letter is a written document that speaks for itself. Defendants deny the remaining allegations in paragraph 34.

35.     A purported copy of the July 27, 2015 letter appears to be attached as Exhibit 1. Defendants are without knowledge or information sufficient to form a belief as to the truth of remaining allegations in paragraph 35 and therefore deny same.

36.     Defendants admit paragraph 36.

37.     Defendants admit paragraph 37.

38.     Defendants deny the allegations in paragraph 38.

39.     Defendants deny the allegations in paragraph 39.

40.     Defendants admit that a letter dated August 5, 2015 was sent to McFarland, a purported copy of which appears to be attached as Exhibit 2. This letter is a written document that speaks for itself. Defendants deny the remaining allegations in paragraph 40.

41.     A purported copy of the August 5, 2015 letter appears to be attached as Exhibit 2.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore deny same.

43.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore deny same.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore deny same.

45.     Defendants admit that Grandville Cooperative received a letter dated September 9, 2015 from the Fair Housing Center. The letter is a written document that speaks for itself. Defendants deny the remaining allegations in paragraph 45.

46.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore deny same.

47.     Defendants deny the allegations in paragraph 47.

48.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore deny same.

49.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore deny same.

50.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore deny same. Further answering, Defendants admit that Exhibit 3 appears to be a copy of the Grandville Living Guidelines dated April 1, 2005; Exhibit 4 appears to be an un-dated copy of a document titled "Spring & Summer Rules & Regulations"; Exhibit 5 appears to be a letter to members dated February 22, 2013; Exhibit 6 appears to be a copy of the Grandville News Volume 5, Issue 1, dated May of 2014; Exhibit 7 appears to be an undated copy of a document titled "Summer Rules & Regulations"; and Exhibit 8 appears to be a letter to members dated May 27, 2015.

51.     Defendants admit that Exhibit 6 appears to be a copy of the Grandville News Volume 5, Issue 1, dated May of 2014. Exhibit 6 is a four-page document that speaks for itself. Defendants deny the remaining allegations in paragraph 51.

52.     Defendants admit that Exhibit 7 appears to be an undated copy of a document titled "Summer Rules & Regulations". Exhibit 7 is a one-page document that speaks for itself. Defendants deny the remaining allegations in paragraph 52.

53.     Defendants admit that Exhibit 8 appears to be a letter to members dated May 27, 2015.  Exhibit 8 is a one-page document that speaks for itself.  Defendants deny the remaining allegations in paragraph 53.

54.     Defendants admit that Lindsay Adams is a resident of Grandville and has children.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 54 and therefore deny same.

55.     Defendants deny the allegations contained in paragraph 55.

56.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 and therefore deny same.

57.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 and therefore deny same.

58.     Defendants deny the allegations contained in paragraph 58.

59.     Defendants deny the allegations contained in paragraph 59.

60.     Defendants admit the allegations contained in paragraph 60.

61.     Defendants admit that Camille Mitchell is an employee of Kirkpatrick.  The remaining allegations contained in paragraph 61 are denied for want of knowledge regarding unknown authors.

62.     Defendants deny the allegations contained in paragraph 62.

63.     Defendants admit that Ms. Mitchell has a daughter named Tia.  The remaining allegations contained in paragraph 63 are denied.

64.     Defendants admit that a resident named Tia Mitchell lived at Grandville for a period of time.  The remaining allegations contained in paragraph 64 are denied.

65.     Defendants deny the allegations contained in paragraph 65.

66.     Defendants deny the allegations contained in paragraph 66.

67.     Defendants deny the allegations contained in paragraph 67.

68.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68, and therefore deny the same.

69.     Defendants deny the allegations contained in paragraph 69.

70.     Defendants admit that Bill Kersey was an employee of Kirkpatrick and a resident of Grandville.  The remaining allegations are denied for want of knowledge.

71.     Defendants deny the allegations contained in paragraph 71.

72.     Defendants deny the allegations contained in paragraph 72.

73.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 73, and therefore deny the same.

74.     Defendants affirmatively state that the alleged document speaks for itself.  The remaining allegations contained in paragraph 74 are denied.

75.     Defendants affirmatively state that the alleged document speaks for itself.  The remaining allegations contained in paragraph 75 are denied.

76.     Defendants affirmatively state that the alleged document speaks for itself.  The remaining allegations contained in paragraph 76 are denied.

77.     Defendants admit that residents agree to abide by the rules of the premises while living at Grandville.  The written rules speak for themselves.  The remaining allegations contained in paragraph 77 are denied.

78.     Defendants deny the allegations contained in paragraph 78.

79.     Defendants deny the allegations contained in paragraph 79.

80.     Defendants deny the allegations contained in paragraph 80.

81.     Defendants deny the allegations contained in paragraph 81.

82.     Defendants deny the allegations contained in paragraph 82.

83.     Defendants deny the allegations contained in paragraph 83.

84.     Defendants re-aver and re-allege paragraphs 1 through 84 above as if fully set forth herein.

85.     Defendants deny the allegations contained in paragraph 85.

86.     Defendants re-aver and re-allege paragraphs 1 through 86 above as if fully set forth herein.

87.     Defendants deny the allegations contained in paragraph 87.

88.     Defendants re-aver and re-allege paragraphs 1 through 88.

89.     Defendants deny the allegations contained in paragraph 89.

90.     Defendants re-aver and re-allege paragraphs 1 through 90.

91.     Defendants deny the allegations contained in paragraph 91.

WHEREFORE, Defendants deny each and every allegation not specifically admitted herein, and further deny that Plaintiffs are entitled to any of the relief requested in their prayer for relief, or to any other relief.

## SECOND DEFENSE

92.     Defendants affirmatively allege, in the alternative, that the Third Amended Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

93.     Defendants affirmatively allege, in the alternative, failure of service of process.

## FOURTH DEFENSE

94.     Defendants affirmatively allege, in the alternative, that Plaintiff Virginia Morton was not ready and willing to accept residence in Grandville.

## FIFTH DEFENSE

95.     Defendants affirmatively allege, in the alternative, that Defendants had a legitimate, non-discriminatory reason for its/their actions.

## SIXTH DEFENSE

96.     Defendants affirmatively allege, in the alternative, that Plaintiffs are not entitled to recover punitive damages as such damages are unconstitutional and unsupported by law or fact.

## SEVENTH DEFENSE

97.     Defendants affirmatively allege, in the alternative, that Defendants did not willfully violate any law with respect to the treatment of Plaintiffs and acted in accordance with applicable policies and procedures, thereby negating Plaintiffs' entitlement to punitive damages.

## EIGHTH DEFENSE

98.     Defendants affirmatively allege, in the alternative, that Plaintiffs are not entitled to recover attorney's fees.

## NINTH DEFENSE

99.     Defendants affirmatively allege, in the alternative, that Plaintiffs have failed to exhaust available administrative remedies.

## TENTH DEFENSE

100.     Defendants affirmatively allege, in the alternative, that the Fair Housing Center of Central Indiana, Inc. lacks standing.

## ELEVENTH DEFENSE

101.     Defendants affirmatively allege, in the alternative, that any actions of employees or agents as alleged by Plaintiffs were outside the course and scope of their employment/agency.

## TWELFTH DEFENSE

102.    Defendants affirmatively allege, in the alternative, that to the extent any Plaintiffs have suffered any compensable damages (which is specifically denied), they have failed to mitigate their damages.

## THIRTEENTH DEFENSE

103.    Defendants reserve the right to raise such further defenses as discovery may reveal to be appropriate.

**WHEREFORE,** having fully answered Plaintiffs' Third Amended Complaint, Defendants request that Plaintiffs' third Amended Complaint be dismissed with prejudice at Plaintiffs' cost.

Respectfully Submitted,

*/s/ Brian P. Nally*
Brian P. Nally (29650-76)
Lyndsay I. Ignasiak (30690-45)
**REMINGER CO., L.P.A.**
College Park Plaza
8909 Purdue Road, Suite 200
Indianapolis, IN 46268
T: (317) 853-7372
F: (317) 663-8580
bnally@reminger.com
lignasiaki@reminger.com

*Counsel for Defendants*

## JURY DEMAND

Defendants hereby demand a jury trial on all triable issued herein.

*/s/ Brian P. Nally*
BRIAN P. NALLY (29650-76)

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September, 2016, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Brian P. Nally
BRIAN P. NALLY (0086711)