U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FAIR HOUSING CENTER OF CENTRAL INDIANA, INC., et al. ) ) ) | CASE NO:   1:16-cv-00300-LJM-DML |
| ) PLAINTIFFS, ) ) | JUDGE: LARRY J. MCKINNEY |
| vs. ) ) | MAGISTRATE JUDGE: DEBRA McVICKER LYNCH |
| GRANDVILLE COOPERATIVE, ) INC., et al. ) ) | |
| DEFENDANTS. ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION EXTENDING DEADLINE TO CONDUCT DEFENDANTS' DEPOSITIONS AND MOTION FOR PERMISSION TO FILE MOTION TO COMPEL**

Defendants, Grandville Cooperative, Inc. ("Grandville"), Kirkpatrick Management Co., Inc. ("Kirkpatrick"), and Karen Mitchell ("Ms. Mitchell") (collectively, "Defendants"), submit this Response in Opposition to Plaintiffs' Motion Extending Deadline to Conduct Defendants' Depositions [82] and Motion for Permission to File Motion to Compel [83], and in support thereof, state as follows:

On December 21, 2016, Plaintiffs filed two motions, one requesting an extension of time to conduct Defendants' depositions, and the other requesting permission from the Court to waive the requirement for a pre-filing conference before Plaintiffs file a motion to compel. Both motions were filed without prior warning or consultation with Defendants. Nevertheless, Defendants have already contacted Plaintiffs in an attempt to resolve these matters.

First, with regard to Plaintiffs' requests for Defendants' depositions, the November 26 notices of deposition were served on Defendants without first communicating with Defendants as to mutually agreeable dates. Shortly thereafter, on December 7, 2016, Defendants informed Plaintiffs that the

1

unilaterally noticed dates for Defendants' depositions would not work, and that Defendants would send new dates shortly.[1]  Defendants also informed Plaintiffs that they would need to take Plaintiffs' depositions as well.  Since that date, Defendants have received no phone calls or emails from Plaintiffs following-up on the scheduling of these depositions prior to Plaintiffs' filing of the instant motions.  Despite Plaintiffs' abrupt action before the Court, Defendants have already informed Plaintiffs that Defendants have no objection to their request to extend the deadline within which to conduct Defendants' depositions.  (*See* Exhibit A, Correspondence to Opposing Counsel Mr. Brancart Regarding Discovery Motions, Dec. 23, 2016.)  Defendants further agreed to appear for depositions on mutually agreeable dates in January of 2017.  (*Id.*)

Next, Plaintiffs filed a motion requesting permission to file a motion to compel without first conducting a pre-filing conference with opposing counsel and the Court.  As an initial matter, Defendants have no objection to scheduling a call with the Court regarding Plaintiffs' apparent motion to compel.  To that end, Defendants plan to contact the Court and schedule this call for January 17, 2017, at 1:00 p.m. (if the Court is available) or for another time on January 17th or 18th.  Defendants, however, are somewhat confused by this motion, as they were under the impression that all discovery issues had been resolved.

Specifically, Defendants sent Plaintiffs a lengthy correspondence on October 11, 2016, addressing all known outstanding discovery issues.  (*See* Exhibit B, Correspondence to Plaintiffs Regarding Outstanding Discovery Disputes, Oct. 11, 2016.)  Between October 26 and 31st, counsel generally discussed the possibility of a motion to compel.  On October 31, 2016, Plaintiffs asked for permission to file a motion to compel.  Defendants responded and confirmed that a supplemental document production would be going out that same day and further stated: "We have not received

---

[1] Plaintiffs served these notices on Sunday, November 27th.  Lead counsel for the Defendants had a baby on November 23rd and was out of the office for approximately two weeks for family related issues.

any response to our letter dated October 11, 2016, which addressed the outstanding discovery issues. What items do you believe still remain outstanding (other than the discovery for documents related to punitive damages)? I encouraged you and Tom to review our letter and our supplemental document production and then get back to us with any specific items you believe are still in dispute before filing a motion to compel." (*See* Exhibit C, Correspondence to Plaintiffs Regarding Supplemental Production, Oct. 31, 2016.) Plaintiffs never answered Defendants' question and never explained what discovery issues remained outstanding or the basis for a motion to compel.

The next day, on November 1, 2016, the Court held a case management conference, but Attorney Brancart did not participate. Co-counsel for the Plaintiffs, Attorney Crishon, participated and informed the Court and Defendants that there were no discovery issues at that time and that Plaintiffs would inform Defendants if anything changed. Thereafter, Defendants never received any word from Plaintiffs regarding an outstanding discovery dispute, aside from a vague request for a call with the Court without further explanation. (Ex. A) In that regard, Defendants take issue with Plaintiffs' characterization of Defendants' alleged non-compliance and non-cooperation as it that is simply not the case. As discussed above, Defendants have already contacted Plaintiffs in an attempt to resolve these matters without further Court involvement and have requested that Plaintiffs' motion be voluntarily withdrawn. (*Id.*) If it is not, Defendants request that the motion be denied as moot.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion requesting an extension of time to take Defendants' depositions and motion for permission to file a motion to compel, and for all other relief that this Court deems just and proper.

Respectfully Submitted,

*/s/ Lyndsay I. Ignasiak*
Brian P. Nally (29650-76)
Lyndsay I. Ignasiak (30690-45)
**REMINGER CO., L.P.A.**

3

College Park Plaza
8909 Purdue Road, Suite 200
Indianapolis, IN 46268
T: (317) 853-7372
F: (317) 663-8580
bnally@reminger.com
lignasiaki@reminger.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 23rd day of December, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                            */s/ Lyndsay I. Ignasiak*
                                            Lyndsay I. Ignasiak (30690-45)